# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DENISE CHARLTON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CHMK & ASSOCIATES, INC. ) <br> D/B/A HOME INSTEAD SENIOR ) <br> CARE, ) <br> ) <br> Defendant. ) | Civil Action File No. _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

Plaintiff Denise Charlton ("Plaintiff" or "Ms. Charlton") files this Complaint for Equitable Relief and Damages against Defendant CHMK & Associates, Inc. d/b/a Home Instead Senior Care ("Home Instead" or "Defendant") showing the Court the following:

### INTRODUCTION

1. This is an action under Title I of the Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Amendments Act of 2008 ("ADA"), 42 U.S.C. § 12101 *et seq.*, to correct unlawful employment practices on the basis of disability, to vindicate Plaintiff Charlton's rights, and to make her whole. Ms. Charlton seeks injunctive and declaratory relief, back pay and lost benefits, front

pay or reinstatement to a full-time position with commensurate benefits, compensatory damages, punitive damages, and attorney's fees and costs of litigation.

2. Ms. Charlton brings this action because under the ADA, she had an actual impairment, a record of actual impairment, or Home Instead regarded her as having an impairment for which Home Instead withdrew an offer of employment.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

4. Venue is proper in this district and division under 28 U.S.C. § 1391 because Defendant Home Instead conducts business in this district and division and the unlawful actions and practices alleged herein were committed within the Northern District of Georgia.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Ms. Charlton filed a charge of discrimination with the Equal Employment Opportunity Commission within 180 days of the occurrence of the acts of which she complains.

6. Ms. Charlton received a Notice of Right to Sue from the EEOC relating

to her charge of discrimination, charge number 410-2019-02937.

7. Ms. Charlton brings this suit within ninety (90) days of the receipt of her Notice of Right to Sue.

### THE PARTIES

8. Ms. Charlton is a citizen of the United States and a resident of the State of Georgia. Ms. Charlton submits herself to the jurisdiction of this Court.

9. Ms. Charlton is and, at all times relevant hereto, was an individual with a disability as that term is defined by 42 U.S.C. § 12102(1).

10. Ms. Charlton is a person with a disability because she has actual physical impairments causing substantial limitations in one or more major life activity, because she has a record of impairment, and because Home Instead regarded her as having an impairment.

11. Ms. Charlton is capable of performing the essential functions of her job with or without an accommodation.

12. Home Instead is a for profit corporation doing business in the State of Georgia.

13. Home Instead is an employer engaged in commerce or in an industry affecting commerce within the meaning of the ADA and has employed more than

15 persons for each working day in each of 20 calendar weeks in the current or preceding calendar year.

14. Home Instead may be served with summons and a copy of the Complaint in this action by delivering process to its registered agent for service of process, Kenneth J. Stavas at 1301 Shiloh Road, Suite 1730, Kennesaw, Georgia 30144.

## STATEMENT OF FACTS

15. Plaintiff Denise Charlton has been a home health aide/caregiver for over 30 years.

16. On February 15, 2019, Ms. Charlton interviewed for a position as a Personal Care Assistant with Home Instead.

17. At the interview, Ms. Charlton shared that she suffered from allergies and asthma, both disabilities under the ADA, for which she used a nebulizer.

18. Ms. Charlton showed the interviewer the nebulizer that she used to prevent health episodes.

19. The interviewer told Ms. Charlton that it would not be an issue.

20. The interviewer did ask Ms. Charlton if she had any preference regarding working in homes with pets.

21. Ms. Charlton shared that she preferred not to work in homes with pets and the interviewer told Ms. Charlton that it would not be an issue.

22. Ms. Charlton was offered the position.

23. Ms. Charlton attended orientation on or around February 21, 2019.

24. During orientation, Ms. Charlton was seated in close proximity to an individual wearing strong smelling perfume.

25. In order to prevent a major allergic episode, Ms. Charlton told the facilitator she needed to use her nebulizer machine for a few minutes during a break.

26. Upon returning from using her nebulizer, Ms. Charlton was called into another room.

27. Ms. Charlton was told that she was not a good candidate, because something could happen to her while she was on an assignment.

28. Ms. Charlton was told that it was for her own protection.

29. Ms. Charlton was also told that if something happened to her, it would be difficult for Home Instead to find a replacement.

30. Home Instead then withdrew its offer of employment to Ms. Charlton.

## COUNT I
## Violation of ADA – Regarded As Disabled

31. Ms. Charlton incorporates by reference all the preceding paragraphs of the Complaint.

32. At all times relevant hereto, Home Instead has been subject to the requirements of Title I of the Americans with Disabilities Act as amended by the ADA.

33. At all times relevant hereto, Ms. Charlton was an individual with a disability as defined under the ADA, 42 U.S.C. § 12102 (1)(C) because Home Instead regarded her as a person with an impairment as defined by the Act.

34. Moreover, at all times relevant hereto, Ms. Charlton has been a qualified individual with a disability as that term is defined by 42 U.S.C. § 12111 (8) and able to perform the essential functions of the job.

35. Home Instead made an offer of employment to Ms. Charlton.

36. After she used a nebulizer at orientation, Home Instead withdrew its offer of employment to Ms. Charlton because it regards her as disabled.

37. In fact, Home Instead told Ms. Charlton that it withdrew the offer of employment for her own protection and also because it believed it would be difficult

to find a replacement for her if she needed to leave a placement.

38. Home Instead's actions violated Section 102 of the ADA, 42 U.S.C. § 12112, which prohibits discrimination on the basis of disability.

39. As a direct and proximate result of Home Instead's intentional discrimination, Ms. Charlton has suffered out of pocket losses and has been deprived of job-related economic benefits, including income in the form of wages and other job-related benefits, including social security, all in an amount to be established at trial.

40. Pursuant to the ADA, Ms. Charlton is entitled to damages including, back pay and lost benefits, front pay and/or reinstatement, compensatory/emotional damages, punitive damages, attorney's fees and costs of litigation, and all other relief recoverable under the ADA.

41. Home Instead's actions have also caused and continue to cause Ms. Charlton to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.

42. Accordingly, Ms. Charlton is entitled to the equitable and monetary relief set forth in the following prayer for relief for Defendant's violation of her rights under the ADA.

## COUNT II
### Actual Discrimination / Failure to Accommodate in Violation of ADA

43. Ms. Charlton incorporates by reference all the preceding paragraphs of the Complaint.

44. At all times relevant hereto, Home Instead has been subject to the requirements of Title I of the Americans with Disabilities Act as amended by the ADA.

45. At all times relevant hereto, Ms. Charlton was an individual with a disability as defined by the ADA, 42 U.S.C. § 12102 (1)(A).

46. Home Instead was aware of Ms. Charlton's disabilities and history and record of disability.

47. At all times relevant hereto, Ms. Charlton has been a qualified individual with a disability as that term is defined by 42 U.S.C. § 12111 (8) and able to perform the essential functions of her job.

48. Ms. Charlton's disabilities substantially limit one or more major life activities.

49. Rather than provide Ms. Charlton any accommodations Ms. Charlton might have needed, including using a nebulized while at work form time-to-time or

8

possibly placing her in homes without pets, Home Instead withdrew its offer of employment to Ms. Charlton.

50. When Home Instead withdrew its offer of employment it explicitly told Ms. Charlton that it did so for her protection and also because it believed it would be difficult to find a replacement for her if she needed to leave a placement.

51. Home Instead's actions are a violation of Section 102 of the ADA, 42 U.S.C. § 12112, which prohibits discrimination on the basis of disability and requires reasonable accommodation for disabilities.

52. As a direct and proximate result of Home Instead's intentional discrimination, Ms. Charlton has suffered out of pocket losses and has been deprived of job-related economic benefits, including income in the form of wages and other job-related benefits, including social security, all in an amount to be established at trial.

53. Pursuant to the ADA, Ms. Charlton is entitled to damages including, back pay and lost benefits, front pay and/or reinstatement, compensatory/emotional damages, punitive damages, attorney's fees and costs of litigation, and all other relief recoverable under the ADA.

54. Home Instead's actions have also caused and continue to cause Ms.

Charlton to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.

55. Accordingly, Ms. Charlton is entitled to the equitable and monetary relief set forth in the following prayer for relief for Defendant's violation of her rights under the ADA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a **TRIAL BY JURY** and that the following relief be granted:

(a) Issue a declaratory judgment that Home Instead's acts, policies, practices, and procedures complained of herein violated Ms. Charlton's rights as secured under the ADA;

(b) Grant to Ms. Charlton judgment in her favor and against Home Instead under all counts of this Complaint;

(c) Order Home Instead to make Ms. Charlton whole by providing for her out-of-pocket losses as well as back pay in an amount equal to the sum of any wages, salary, employment benefits or other compensation denied or lost as a result of Home Instead's unlawful and discriminatory acts, together with interest thereon, all in an amount to be proven at trial;

(d) Order that Ms. Charlton be reinstated or, in the alternative, be awarded front pay;

(e) Order Home Instead to compensate Ms. Charlton for mental and emotional damages suffered as a result of Home Instead's unlawful and discriminatory acts;

(f) Grant to Ms. Charlton punitive damages in an amount to be determined by the enlightened conscious of the jury to be sufficient to punish Defendant for its conduct toward Ms. Charlton and deter Defendant from similar conduct in the future for Defendant's willful and intentional violations of federal law;

(g) Grant to Ms. Charlton a jury trial on all issues so triable;

(h) Grant to Ms. Charlton her reasonable attorney's fees and reasonable expert witness fees together with any and all other costs associated with this action as provided by 42 U.S.C. § 12117 (a)(as amended); and

(i) Grant such additional monetary and equitable relief as the Court deems proper and just.

Respectfully submitted this 14th day of January 2021.

        LEGARE, ATTWOOD & WOLFE, LLC

        <u>s/ **Cheryl B. Legare**</u>
        Georgia Bar No. 038553
        cblegare@law-llc.com

125 Clairemont Avenue, Suite 380
Decatur, Georgia 30030
Telephone: (470) 823-4000
Facsimile: (470) 201-1212